[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14823

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2011
JOHN LEY
CLERK

D.C. Docket Nos.  07-00338-CV-3-RV-MD, 03-00140-CR-3-R

ROBERT MARSHAL MURPHY

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 07-14825

_____

D. C. Docket Nos. 07-00340-CV-3-RV-MD, 03-00147-CR-3-R

ROBERT MARSHAL MURPHY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(March 8, 2011)

Before TJOFLAT, EDMONDSON, AND HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

The issue in this case is whether a district court order reducing a defendant's

sentence pursuant to Federal Rule of Criminal Procedure 35(b)[1] for the

_____

[1] When Murphy commenced this action, Rule 35 provided, in relevant part:

**(b) Reducing a Sentence for Substantial Assistance.**

> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> > **(A)** the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
> >
> > **(B)** reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
>
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > **(A)** information not known to the defendant until one year or more after sentencing;
> >
> > **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

defendant's substantial assistance is a new "judgment of conviction" that resets the one-year statute of limitations for filing a motion to vacate a conviction and sentence under 28 U.S.C. § 2255.[2]  The district court held that its Rule 35(b) order did not reset the clock and dismissed the petitioner's § 2255 motion.  We affirm.

## I.

## A.

From 2001 to 2003, Robert Marshal Murphy, the petitioner, helped lead an "entrenched" Pensacola Beach-based conspiracy to distribute cocaine.  A multi-agency law enforcement operation brought the enterprise to an end, and Murphy

---

> **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(2007) (amended 2007 & 2009).

[2]  28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides, in relevant part:

> **(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner has one year from the latest of four dates to file a motion under § 2255.  The date at issue in this case is "the date on which the [prisoner's] judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).

decided to cooperate.  On December 12, 2003, Murphy entered into a plea

agreement with the Government.  In exchange for the Government's promise to

move the district court pursuant to U.S.S.G. § 5K1.1[3] to impose sentences below

the Guidelines sentencing range, he pled guilty to conspiring to possess with intent

to distribute cocaine and to commit money laundering.[4]  After the district court

accepted his guilty pleas and prior to sentencing, Murphy provided the

Government with substantial assistance in its investigation of those with whom he

had been trafficking cocaine.

Murphy was sentenced on April 28, 2004.[5]  Under the Sentencing

Guidelines, Murphy's criminal history category was I and his adjusted offense

level was 37, yielding a sentencing range for the two conspiracy offenses of 210 to

---

[3]  U.S.S.G. § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

[4]  Murphy was charged with the cocaine conspiracy in an indictment returned on December 9, 2003.  After waiving indictment, he was charged with the money laundering conspiracy in an information filed the same day.
    The indictment alleged that Murphy violated 21 U.S.C. § 846 by conspiring to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a).
    The information alleged that Murphy violated 18 U.S.C. § 1956 by conspiring to commit money laundering by conducting or attempting to conduct financial transactions involving the proceeds of drug trafficking with the intent to promote the carrying on of such activity.

[5]  Because Murphy was sentenced before the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Murphy was sentenced under mandatory Guidelines.

262 months' imprisonment.[6] Because Murphy assisted the Government's investigation, the Government moved the district court pursuant to § 5K1.1 to sentence him below the Guidelines sentencing range. The court granted the motion and, on April 28, 2004, sentenced Murphy to concurrent prison terms of 90 months.

After sentencing, Murphy continued to assist in the investigation and prosecution of others involved in cocaine trafficking. As a result of that cooperation, which included testifying against co-conspirators, the Government, on March 8, 2007, moved the district court pursuant to Rule 35(b) to reduce Murphy's sentence. The court granted the motion on May 10, 2007. In a sealed order, the court reduced Murphy's concurrent terms of imprisonment from 90 months to 66 months. The court emphasized that "[i]n all other respects, the defendant's judgment of April 28, 2004, remains in full force and effect."

## B.

On August 3, 2007, three months after the district court granted the Government's Rule 35(b) motion and over three years after the time for appealing the April 28, 2004, judgment had expired, Murphy, proceeding pro se, moved the

---

[6] The statutory range for the cocaine conspiracy was 10 years' to life imprisonment; for money laundering, it was 0 to 20 years' imprisonment.

district court under § 2255 to vacate, set aside, or correct his sentences. Murphy claimed that he had received ineffective assistance of counsel in connection with his April 28, 2004, sentencing. His motion alleged that his retained attorney had a conflict of interest, failed to object to factual inaccuracies in the presentence investigation report that resulted in a six-point increase in his offense level, and inadequately explained the money laundering charge to him. Recognizing that § 2255's one-year statute of limitations applied, Murphy argued that the time limit should run from August 14, 2006, when he first sought and received permission to review his file at the prison camp.[7]

The district court referred Murphy's motion to a magistrate judge who recommended that the court summarily dismiss it as untimely.[8] Noting that § 2255 imposes a one-year statute of limitations, the magistrate judge concluded that the period began to run on May 9, 2004, which was ten days after the district court had imposed sentence and entered judgment, and the time for appealing the

[7] Murphy did not, however, allege that there was any impediment to his inspection of the record before August 14, 2006. Murphy indicated that he simply did not do so because he continued to cooperate with prosecutors.

[8] The magistrate judge did so under Rule 4(b) of the Rules Governing § 2255 Proceedings. Rule 4(b) provides, in relevant part, that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

judgment had expired. Therefore, absent equitable tolling, Murphy's § 2255 motion had to be filed by May 9, 2005. Although Murphy claimed not to have reviewed his file or learned of the grounds for the motion until August 2006, nothing stopped him from reviewing the file earlier; thus, equitable tolling did not apply.

Murphy objected to some of the magistrate judge's findings and conclusions. Most importantly, he contended that the district court's Rule 35(b) modification of the sentence on May 10, 2007, reset the statute of limitations clock. Nevertheless, on September 12, 2007, the district court, adopting the magistrate judge's recommendation in full, dismissed Murphy's § 2255 motion as time-barred.

On October 12, 2007, Murphy sought a certificate of appealability. He pointed out that the dismissal of his motion turned on the district court's conclusion that his conviction became final on May 9, 2005, a conclusion that conflicted with this court's then-recent decision in Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286 (11th Cir. 2007). The district court therefore granted a certificate of appealability on the following question: "Whether granting a defendant a sentence reduction pursuant to Rule 35 constitutes a

resentencing that re-starts the AEDPA time clock, allowing a defendant to collaterally attack his original conviction and sentence." This appeal followed.

## II.

In an appeal challenging a § 2255 ruling, we review legal issues <u>de novo</u> and factual findings for clear error. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a § 2255 motion is time-barred is a legal issue. <u>Drury v. United States</u>, 507 F.3d 1295, 1296 (11th Cir. 2007).

## A.

Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack.[9] In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress created a one-year statute of

---

[9] 28 U.S.C. § 2255 provides, in relevant part,

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

limitations for § 2255 motions, running from the latest of four dates.[10]  28 U.S.C. §

2255(f).  The relevant date here is "the date on which the judgment of conviction

becomes final."  Id. (emphasis added).

Section 2255(f) does not define "judgment of conviction" or "final."

Nonetheless, we have concluded that when a defendant does not appeal his

conviction or sentence, the judgment of conviction becomes final when the time

for seeking that review expires.  Mederos v. United States, 218 F.3d 1252, 1253

(11th Cir. 2000) (noting that when no direct appeal was taken from the original

judgment of conviction, the judgment of conviction became final when the time

---

[10]  28 U.S.C. §2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.
> The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created
> by governmental action in violation of the Constitution or laws of
> the United States is removed, if the movant was prevented from
> making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

for filing a direct appeal expired); <u>Akins v. United States</u>, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); <u>cf.</u> <u>Clay v. United States</u>, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

At the time of Murphy's sentencing, a criminal defendant had ten days to file an appeal. Fed. R. App. P. 4(b)(1)(A) (2005) (amended 2009).[11] Therefore, had the district court never granted the Government's Rule 35(b) motion, it is perfectly clear that AEDPA's statute of limitations would have expired on May 9, 2005, and Murphy's § 2255 motion filed on August 3, 2007, would have been time-barred. Murphy contends that when the district court reduced his sentence under Rule 35(b), it entered a new "judgment of conviction." We conclude that Congress has foreclosed this argument by statute, a conclusion that is confirmed by the decisions of our sister circuits and Congress's overriding intent in enacting AEDPA.

---

[11] Under the current rules, a defendant has fourteen days to appeal. <u>See</u> Fed. R. App. P. (4)(b)(1)(A) (2009).

10

Rule 35(b) permits a district court, upon the Government's motion, to reduce a sentence to reflect a defendant's substantial assistance rendered <u>after</u> the entry of judgment. Fed. R. Crim. P. 35(b). In § 2255(f), Congress did not specify whether a Rule 35(b) reduction constitutes a new judgment of conviction or alters the finality of the judgment of conviction. But Congress did not legislate on a blank slate: "[W]henever Congress passes a new statute, it acts aware of all previous statutes on the same subject." <u>Erlenbaugh v. United States</u>, 409 U.S. 239, 244, 93 S. Ct. 477, 480 (1972). Prior to AEDPA, Congress, in 18 U.S.C. § 3582, specified how a Rule 35(b) reduction would impact the finality of a judgment of conviction.

Section 3582 states that although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction that includes such a sentence <u>constitutes a final judgment for all other purposes</u>."[12]  18 U.S.C. §

---

[12]  18 U.S.C. § 3582 provides, in relevant part:

**(b) Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—

> **(1)** modified pursuant to the provisions of subsection (c);
>
> **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

11

3582(b)–(c)) (emphasis added). The plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. See Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 760 (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well") (internal quotation marks omitted). The Senate Report accompanying § 3582 confirms that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of "'three safety valves,'" including Rule 35(b), the "judgment of conviction is final." S. Rep. No. 98-225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.[13]

---

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

. . . .

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;

. . . .

[13] Murphy points out that § 3582(b) also covers appeals of sentences under § 3742. Because it is settled law that a judgment of conviction is not final until the time for appealing the

12

In view of the traditional rule that a final judgment in a criminal case includes both the conviction and sentence, Congress understandably sought to assure that the use of Rule 35(b) to modify a sentence would not impact the finality of the judgment of conviction. Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal.[14] Congress short-circuited this by unambiguously declaring that a Rule 35(b) modification does not affect the finality of the judgment for "any other purpose." 18 U.S.C. § 3582(b).

Plainly, AEDPA's one-year statute of limitations falls within the category of "any other purpose." United States v. Sanders, 247 F.3d 139, 142–144 & n.2 (4th Cir. 2001). Therefore, a district court's reduction of a term of imprisonment under

---

judgment has run, Murphy contends that our reading of § 3582(b) must be wrong. When faced with a similar argument, the Fourth Circuit responded, "[t]he question of how § 3582 works vis-a-vis an appeal must await another day. It is beyond dispute that under § 3582, Rule 35 sentence modifications do not affect the finality of convictions for § 2255 purposes." United States v. Sanders, 247 F.3d 139, 143 n.2 (4th Cir. 2001). We agree.

[14] This would be true even for a Rule 35(b) motion granted years after the original conviction when the evidence is so stale that a successful reprosecution would be practically impossible. The Government would then have to choose between filing a Rule 35(b) motion and the possibility of defending an appeal that could result in a new trial that would be impossible to win. Under such circumstances, no prosecutor would file a Rule 35(b) motion. Even in less extreme cases, if the Government risked a new direct appeal with every Rule 35(b) motion it filed, it would think long and hard before filing one. Thus, treating a Rule 35(b) modification as a new judgment would undermine both finality in criminal cases and Rule 35(b)'s efficacy as a law enforcement tool.

Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the statute of limitations. Id. (internal quotation marks omitted).

So far as we can tell, every circuit to have addressed this question agrees with our conclusion. The Fourth, Sixth, Eighth, and Tenth Circuits have held that a Rule 35(b) modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock.[15] See Byers v. United States, 561 F.3d 832, 835 (8th Cir. 2009) (holding that a Rule 35(b) modification does not constitute a "final judgment" and therefore does not reset the AEDPA time clock); Sanders, 247 F.3d at 142–44 & n.2 ("It is beyond dispute that under § 3582, Rule 35 sentence modifications do not affect the finality of convictions for § 2255 purposes."); United States v. Chapman, 220 F. App'x 827, 830 (10th Cir. 2007) (noting that a Rule 35(b) modification does not reset the statute of limitations clock but acknowledging that even if it did, defendant's motion still would have

---

[15] Citing United States v. Schwartz, 274 F.3d 1220 (9th Cir. 2001), at least one court has noted that the Ninth Circuit has also decided this question. Byers v. United States, 561 F.3d 832, 835 (8th Cir. 2009). Schwartz held only that "the hypothetical prospect" for a Rule 35(b) reduction did not alter the finality of the judgment for the purposes of § 2255's statute of limitations. Schwartz, 274 F.3d at 1224. Thus, in our view, it is unclear that Schwartz decided the question presented here: whether a district court's actual grant of a Rule 35(b) reduction constitutes a new judgment.

exceeded the one-year limit);  Reichert v. United States, 101 F. App'x 13, 14 (6th

Cir. 2004) ("Under 18 U.S.C. § 3582(b), the defendant's original judgment of

conviction remains the final judgment even if his sentence has been modified or

reduced as the result of the government filing a Rule 35 motion.").

Finally, concluding that a Rule 35(b) modification does not reset the §

2255(f) limitations clock is consonant with Congress's overriding purpose in

enacting AEDPA.  Congress designed AEDPA "'to achieve finality in criminal

cases, both federal and state.'"  Jones v. United States, 304 F.3d 1035, 1039 (11th

Cir. 2002) (per curiam) (quoting Brackett v. United States, 270 F.3d 60, 69 (1st

Cir. 2001)).  Accordingly, we give "strict interpretation" to the one-year statute of

limitations to avoid "'creat[ing] a loophole which is contrary to the legislative

intent of insuring a greater degree of finality.'"  Id. (quoting Brakett, 270 F.3d at

69).  To hold that a district court's Rule 35(b) modification to a sentence

constitutes a new final judgment would create just such a loophole.  Any Rule

35(b) modification of a defendant's sentence—no matter how far into the

future—would allow the defendant to bring stale claims under § 2255.  Put

differently, so long as any possibility exists that the defendant might learn of

information that would result in a Rule 35(b) reduction, a defendant's judgment of

conviction would never become final.

15

B.

Murphy contends that our conclusion is inconsistent with this court's decision in Ferreira v. Secretary, the Department of Corrections, 494 F.3d 1286 (11th Cir. 2007) ("Ferreira II"). In Ferreira II, after the Supreme Court summarily vacated our original decision, we held that 28 U.S.C. § 2244(d)(1), the one-year statute of limitations that governs the filing of habeas corpus petitions under 28 U.S.C. § 2254,[16] began to run "when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." Id. at 1293. Murphy argues that a Rule 35(b) modification of a sentence constitutes a new sentence and therefore a new "judgment pursuant to which the petitioner is in custody." We disagree.

Ferreira II involved a state habeas petitioner who had been resentenced after being granted state post-conviction relief. The resentencing occurred after AEDPA's statute of limitations for the original judgment of conviction and

---

[16] 28 U.S.C. § 2244(d)(1) provides, in relevant part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for taking such review;

. . . .

16

sentence had run.  Ferreira v. Sec'y, Dep't of Corr., 183 F. App'x 885, 886 (11th Cir. 2006) ("Ferreira I").[17]  Although Ferreira challenged only his underlying conviction, he argued that the statute of limitations should run from the date of resentencing.  Id.  At the time of Ferreira I, our precedent held that if the petitioner challenged both the underlying conviction and the subsequent resentencing, then the statute of limitations ran from the date the "resentencing judgment" became final, Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003); if, however, the petitioner challenged only the underlying conviction, then the statute of limitations ran from the date the original judgment of conviction became final, Rainey v. Sec'y, Dep't of Corr., 443 F.3d 1323, 1325–26 (11th Cir. 2006).  Because Ferreira attacked only his underlying conviction, the Ferreira I court held that his petition was barred.  Ferreira I, 183 Fed App'x at 886.  The Supreme Court summarily

---

[17]  On September 11, 1997, the Florida Supreme Court denied Ferreira's direct appeal, and his conviction became final 90 days later upon the expiration of the time for petitioning the United States Supreme Court for a writ of certiorari.  Ferreira II, 494 F.3d at 1288 (11th Cir. 2007).  251 days later, Ferreira filed a post-conviction motion in Florida state court, which tolled AEDPA's statute of limitations.  Id.  The state court denied the motion on February 8, 2002, leaving 114 days before the one-year § 2254 statute of limitations would expire.  See id.  The statute of limitations expired on June 2, 2002.  Id.  On June 24, 2002, Ferreira filed another state post-conviction motion to correct his sentence, which the state court granted; Ferreira was resentenced pursuant to a judgment that became final on April 14, 2003.  On June 10, 2003, 57 days after Ferreira's corrected sentence became final, he sought federal habeas relief challenging only his underlying conviction.  Id.

vacated Ferreira I and remanded for reconsideration in light of Burton v. Stewart,

549 U.S. 147, 127 S. Ct. 793 (2007) (per curiam).

On reconsideration, we read Burton for the proposition that the writ and

AEDPA are "specifically focused on the judgment which holds the petitioner in

confinement."[18] Ferreira II, 494 F.3d at 1293. Because Burton reaffirmed that a

---

[18] Burton did not involve AEDPA's statute of limitations, but instead whether the petition was a second or successive petition. The timeline in Burton was as follows: (1) in 1994, Burton was convicted in the state of Washington and sentenced to 562 months; (2) in 1996, the trial court granted Burton's motion for resentencing and resentenced him; (3) in 1997, on direct appeal from the resentencing, Burton's 1994 conviction was affirmed but his sentence was vacated because of vindictiveness concerns and the case was remanded for resentencing; (4) in 1998, the trial court resentenced Burton and entered a new judgment; (5) in 1998, Burton appealed the new sentence, which was affirmed in 2001; (6) also in 1998, while the appeal was pending, Burton filed a § 2254 petition seeking to vacate his conviction, and the district court denied it; (7) finally, in 2002, after his 1998 sentence was affirmed on appeal, Burton filed a second § 2254 petition seeking to vacate his 1998 sentence (but not the underlying conviction). Burton, 549 U.S. at 150–52, 127 S. Ct. at 794–96. The Supreme Court held that Burton's 2002 habeas petition was second or successive because when Burton filed the 1998 petition, he was "being held in custody pursuant to the 1998 judgment," which was the same judgment he was being held under when he filed the 2002 petition. Id. at 153, 127 S. Ct. 796.

Burton argued that the 1998 and 2002 petitions challenged different judgments because his 1998 petition identified the pertinent judgment as the 1994 judgment, while the 2002 petition identified the 1998 judgment. The Court rejected this contention because the "1998 judgment . . . had been entered nine months before Burton filed his first petition" and that judgment, "the same one challenged in the subsequent 2002 petition, was the judgment pursuant to which Burton was being detained." Id. at 156, 127 S. Ct. at 798.

Alternatively, Burton argued that had he waited to file the 1998 § 2254 petition challenging his conviction, he risked losing the chance to challenge the conviction at all under AEDPA's one-year statute of limitations. Again, the Court was not persuaded. The Court reasoned that this misread AEDPA's statute of limitations, which states that the limitations period for a "person in custody pursuant to the judgment of a state court" shall run from the date on which the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A). Id. at 156, 127 S. Ct. 799. Because "[f]inal judgment in a criminal case means sentence" and "[t]he sentence is the judgment," the Court concluded that the limitations period did not begin until "both the conviction and sentence" became final by the conclusion of direct review or the expiration of the time for seeking it. Id. at

18

"judgment" means conviction and sentence, we concluded that the "judgment" to which AEDPA refers is the "underlying conviction and [the] most recent sentence that authorizes the petitioner's current detention."[19] Id. at 1292 (emphasis added). Accordingly, we recognized that Burton effectively overruled Rainey, and held that when a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement. A new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing. Id. at 1293.

---

156–57; 127 S. Ct. at 798–99 (citations and internal quotation marks omitted). In Burton, this occurred well after Burton filed his 1998 § 2254 petition.

[19] In discussing Burton, we noted that the Supreme Court implied that

if, in 1996 while incarcerated pursuant to the 1996 judgment, Burton had challenged his custody by only bringing claims concerning his 1994 conviction, his second habeas petition would not have been successive because it challenged his custody under a different judgment, the 1998 judgment, based on the 1994 conviction and 1998 sentence.

Ferreira II, 494 F.3d at 1292. The Supreme Court adopted this reasoning in Magwood v. Patterson, __ U.S. __, 130 S.Ct. 2788 (2010). Specifically, the Court held that where, "unlike in Burton, there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." Id. at _, 130 S. Ct. at 2802 (internal quotation marks omitted).

19

In sum, we reasoned in Ferreira II that: (1) § 2244(d)(1)'s one-year statute of limitations starts to run from the date the judgment becomes final, (2) a judgment is defined as both the conviction and the sentence, and (3) therefore, when a defendant is resentenced, the defendant becomes confined under a new judgment from which a new one-year statute of limitations period starts to run.[20] Taking this as his starting point, Murphy argues that any modification of a sentence results in a new judgment. We reject this argument because Ferreira II is distinguishable.

---

[20] The Supreme Court reaffirmed this logic and the definition of a judgment in Magwood. The question presented was "whether a first application challenging a new sentence in an intervening judgment is second or successive" under § 2244(b). Magwood, _ U.S. at _, 130 S. Ct. at 2799 n.11. The Court held that when a defendant was resentenced in state court following a federal district court's conditional grant of a habeas corpus petition, the defendant could file another § 2254 petition challenging the sentence without violating the "second or successive" rule because a new "judgment" had been entered. Id. at _, 130 S. Ct. at 2803. Magwood turned on "when a claim should be deemed to arise in a 'second or successive habeas corpus application.'" Id. at _, 130 S. Ct. at 2796 (quoting § 2244(b)(1)) (emphasis added). The state argued that the operative word in the statute was not second or successive "applications" but "claims," and that "claims, not applications, are barred by 2244(b)"; Magwood countered that § 2244 applies only to a "second or successive" application challenging the same state-court judgment, and that therefore, his 1986 resentencing led to a new judgment and his application challenging that new judgment could not be "second or successive." The court agreed with Magwood because a § 2254 petitioner is "applying for something: His petition seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement." Id. at _, 130 S. Ct. at 2797 (internal quotation marks omitted). Moreover, if the petition is granted, "the State may seek a new judgment (through a new trial or a new sentencing proceeding)." Id. at _, 130 S. Ct. at 2797 (internal quotation marks omitted). Therefore, "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or at successive' must be interpreted with respect to the judgment challenged." Id. at _, 130 S. Ct. at 2797.

First, Ferreira II interpreted the term "judgment" in 28 U.S.C. § 2244(d)(1). Citing Burton, the court did so in the absence of a precise definition of "judgment" from Congress. See id. at 1292. Here, however, the question is how a Rule 35(b) sentence modification impacts the finality of the "judgment of conviction" specified in § 2255. In Rule 35(b), Congress created a special avenue whereby a district court may "modify" a sentence of imprisonment; in 18 U.S.C. § 3582(b), Congress specifically stated that taking that avenue does not affect the finality of the underlying judgment. Regardless of how the Supreme Court or prior panels of this court have construed the term "judgment" in § 2244(d) and the § 2254 context, we are not free to extend those decisions to the § 2255 context when doing so would flout Congress's plainly expressed intent. In short, we are not free to "replace the actual text" about how a Rule 35(b) modification affects the finality of a judgment of conviction with "speculation as to Congress' intent." Magwood v. Patterson, __ U.S. __, 130 S.Ct. 2788, at 2798 (2010); see also Sanders, 247 F.3d at 144 ("We are obligated to follow Congress' judgment on this matter and apply the plain text of the statute.").[21]

---

[21] The relevant statutory language of the limitations provisions governing § 2254 petitions and § 2255 motions differs. Section 2244(d)(1)'s period runs from the date the state court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). By contrast, § 2255's period refers to the date on which the "judgment of conviction became final." Id. § 2255(f) (emphasis added). Nonetheless, at least where there is no material difference in the language

21

Second, apart from § 3582(b), Ferreira II is distinguishable because it dealt with a defendant who was resentenced after his sentence was declared invalid. See Ferreira II, 494 F.3d at 1288 (noting that Ferreira was resentenced after a state court granted his post-conviction motion to "correct" his sentence). When the corrected sentence replaced it, the new sentence together with the old conviction formed a new judgment. Rule 35(b) is altogether different.

Rule 35(b) authorizes a reduction in a defendant's prison sentence if and only if two conditions are met. First, the defendant must render substantial assistance to the Government in the investigation or prosecution of another person. Second, the Government must decide to file a Rule 35(b) motion. The Government has virtually unfettered discretion to determine whether the defendant rendered substantial assistance and whether to file the motion. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (stating that the government's Rule 35(b) decision can be questioned "only to the extent that the government . . . exercise[d] that power, or fail[ed] to exercise that power, for an unconstitutional

between statutes, we have refused to read AEDPA to impose different standards on state and federal prisoners. See, e.g., Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1262 (11th Cir. 2004) (en banc) (noting that where there is "no material difference in the relevant statutory language" we do not distinguish between cases based upon whether they involve state prisoners under § 2254 or federal prisoners under § 2255). We do not decide that "judgment" and "judgment of conviction" are materially different. It is enough to say that in § 3582(b), Congress has expressly defined how a Rule 35(b) modification affects the finality of a "judgment of conviction" for the purposes of § 2255(f).

motive"). Even assuming the Government chooses to move for a Rule 35(b) reduction, the district court possesses extremely broad discretion to grant or deny the motion. See United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam) (explaining that reducing a sentence under Rule 35 is a discretionary call from which "an appeal generally will not lie" unless the district court misconstrued its authority or made an error of law).

Accordingly, the Government's Rule 35(b) motion is merely a "plea[] for leniency," a matter of executive and judicial grace. Brown v. United States, 480 F.2d 1036, 1039 (5th Cir. 1973).[22] In fact, it is impossible for the "the validity of the underlying conviction, and, indeed, of the sentence itself" to be at issue in a Rule 35(b) proceeding.[23] Id.; see also United States v. White, 251 F. App'x 658, 659 (11th Cir. 2007) ("Contrary to White's assertion, Rule 35(b), by its own terms, provides for a reduction of a sentence, not the vacating of a sentence and a resentencing."). If the validity of the underlying conviction or sentence cannot be

---

[22]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[23]  That said, a Rule 35(b) motion "constitutes a separate proceeding" in a criminal case. United States v. Moreno, 364 F.3d 1232, 1234 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). And that separate proceeding is "part of the sentencing process." United States v. Chavarria-Herrara, 15 F.3d 1033, 1036 (11th Cir. 1994). It does not necessarily follow, however, that a Rule 35(b) reduction in a sentence constitutes a resentencing that results in a new judgment.

23

at issue in a Rule 35(b) proceeding, it makes no sense to say that a Rule 35(b) reduction constitutes a genuine "resentencing" that gives rise to a new "judgment" that imprisons the § 2255 movant. See Berman v. United States, 302 U.S. 211, 212–14, 58 S. Ct. 164, 166 (1937) (holding that once a sentence is imposed, it is a valid final judgment until it is reversed or vacated). Instead, a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is still serving the original, valid, and final judgment of conviction and sentence.[24] See Ferreira II, 494 F.3d at 1292 (concluding that the relevant judgment for the purposes of § 2254 is "the one that places the petitioner in custody.").

### III.

Because Congress has declared that a Rule 35(b) reduction of a sentence does not affect the finality of a judgment of conviction, and because a Rule 35(b) reduction does not constitute a resentencing where an old sentence is invalidated and replaced with a new one, Murphy's conviction became final on May 9, 2005. Accordingly, the district court's order rejecting Murphy's August 3, 2007, § 2255 motion as time-barred is

---

[24] See Chavarria-Herrara, 15 F.3d at 1035 (holding that once a court reduces a sentence under Rule 35(b), "the remaining sanction"—as opposed to new sentence—"falls within the common sense meaning of 'an otherwise final sentence'" (emphasis added) (quoting 18 U.S.C. § 3742)); id. at 1035–36 ("The government may appeal that remaining sentence if it satisfies one of the four criteria set out in § 3742(b)." (emphasis added)).

AFFIRMED.