**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4385**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LEROY RAGIN,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:90-cr-00025-MR-1)

───────────

Submitted:  October 24, 2011          Decided:  January 3, 2012

───────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Angela Parrott, Acting Executive Director, Matthew Segal,
Assistant Federal Defender, Heather H. Martin, FEDERAL DEFENDERS
OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for
Appellant.  Amy Elizabeth Ray, Assistant United States Attorney,
Thomas Michael Kent, OFFICE OF THE UNITED STATES ATTORNEY,
Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1990, Leroy Ragin pled guilty to one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (2) (2006) and one count of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848 (2006). The district court sentenced him to a term of 336 months of imprisonment, followed by five years of supervised release. Ragin did not file a direct appeal. On March 16, 2011, after discovering that Ragin had erroneously been sentenced as a career offender, the district court issued an amended criminal judgment sentencing Ragin to time served. Ragin appeals the amended judgment.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Counsel questions, however, whether Ragin's guilty plea was knowing and voluntary. Despite being advised of his right to do so, Ragin has not filed a pro se supplemental brief. For the reasons discussed below, we affirm.

Although counsel raises the question of whether Ragin's 1990 guilty plea was knowing and voluntary, the scope of our Anders review in this case does not extend that far. The district court's amended judgment sentencing Ragin to time served does not affect the finality of the court's initial

2

judgment of conviction. See 18 U.S.C. § 3582(b) (2006); United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) ("The plain text of § 3582(b) clearly states that [a later sentencing] modification does not affect the date on which [a defendant's] judgment of conviction [becomes] final 'for all other purposes.'"); accord Murphy v. United States, 634 F.3d 1303, 1308 (11th Cir. 2011). Although the district court's amended judgment has presented Ragin with the opportunity to appeal the new sentence imposed, it does not reset the clock to allow him to appeal a twenty-year-old conviction. As explained by the Eleventh Circuit in Murphy, Congress enacted § 3582(b) to ensure that the correction or modification of a sentence would not impact the finality of a judgment of conviction. "Had Congress not done so, a defendant could have argued that a sentence modification entitled him a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal." 634 F.3d at 1308.

Accordingly, pursuant to Anders, we have reviewed the record pertaining to the district court's amended judgment sentencing Ragin to time served. Give that Ragin received the relief he sought, release from imprisonment, we have found no meritorious issues for appeal. We therefore affirm the amended judgment. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the

3

United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED