[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Case No. 11-13900
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:06-cr-80115-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORAL ROGER RUSSELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Oral Roger Russell, proceeding pro se, appeals the district court's denial of

his motion to compel the government to file a sentence-reduction motion. Russell

argues that, despite the substantial assistance he provided law enforcement, the government breached its oral promise to file a sentence-reduction motion on his behalf.

Pursuant to a written plea agreement, Russell pleaded guilty to one count of possession with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and was sentenced to 262 months imprisonment. The plea agreement made clear that the government reserved the right to evaluate the extent and nature of Russell's cooperation and, within its discretion, could make a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a sentence reduction. The agreement further stated that "nothing in this Agreement may be construed to require [the government] to file such a motion," and that the government's evaluation of Russell's cooperation could not be challenged. Russell signed the agreement. And the district court accepted his plea as made knowingly and voluntarily, and without any promise not contained in the agreement itself.

Federal Rule of Civil Procedure 35(b) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). This

2

Court has afforded the government "virtually unfettered discretion" in determining whether to file a Rule 35(b) sentence-reduction motion. Murphy v. United States, 634 F.3d 1303, 1313 (11th Cir. 2011).

To be sure, the government cannot refuse to file a substantial-assistance motion on unconstitutional grounds, such as would happen if the refusal were motivated by racial or religious discrimination or lacked a rational relation to a legitimate government end. Wade v. United States, 504 U.S. 181, 185–86, 112 S. Ct. 1840, 1843–44 (1992). But where a defendant's claim rests solely on the allegation that he provided substantial assistance, or on generalized allegations of an improper motive, we can only conclude that the government's decision not to move was based "simply on its rational assessment of the cost and benefit that would flow from moving." Id. at 187, 112 S. Ct. at 1844.

Russell has not offered any basis for disregarding the plain terms of his plea agreement, in which the government specifically disclaimed any obligation not contained therein. Nor has he made a threshold showing that the government's refusal to move for the sentence reduction was based on unconstitutional grounds. See id. at 185–86, 112 S. Ct. at 1843–44. As a result, he has not shown grounds for relief.

**AFFIRMED.**