[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10754
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 0:11-cv-60006-WPD; 0:07-CR-60127-WPD-13


DWAN DOE,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Dwan Doe, a federal prisoner proceeding pro se, appeals the district court's dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255 as time-barred. The district court granted a certificate of appealability ("COA") on the time-bar issue. Doe does not dispute that he filed his § 2255 motion outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996). Based on a liberal construction of his brief on appeal, however, he argues: (1) that he is entitled to equitable tolling because his counsel failed to file a direct appeal upon his request, he exercised due diligence in pursuing his rights, and he has a low IQ; and (2) the merits of his underlying claims. After thorough review, we affirm.

We review de novo the legal issue of whether Doe's § 2255 motion is time-barred. Murphy v. United States, 634 F.3d 1303, 1306 (11th Cir. 2011). We review a district court's denial of equitable tolling de novo and its factual determinations for clear error. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 202). A prisoner's diligence is a factual finding that we review for clear error. Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006). We liberally construe pro se filings. Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009).

Our review of a prisoner's § 2255 motion is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Also,

we generally decline to consider arguments raised for the first time on appeal. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1358 (11th Cir.2011).

A prisoner whose conviction is final but believes that his sentence was imposed in violation of the Constitution or federal law may seek relief from his conviction and sentence by filing a motion under 28 U.S.C. § 2255 with the court that imposed his sentence. 28 U.S.C. § 2255(a). He must file such a motion within one year of the latest of four triggering dates, including the date on which the judgment of conviction becomes final. Id. § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. Murphy, 634 F.3d at 1307.

If a prisoner attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. San Martin v. McNeill, 633 F.3d 1257, 1267 (11th Cir.), cert. denied, 132 S.Ct. 158 (2011). Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." Id. at 2565 (quotations and citations omitted). A prisoner contending that his mental impairments justify equitable tolling must

3

establish a causal connection between those impairments and his ability to file a timely petition. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). The prisoner bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 2255 motion such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. San Martin, 633 F.3d at 1267-68. Equitable tolling is a rare and extraordinary remedy. Id. at 1271.

As an initial matter, we liberally construe Doe's pro se brief on appeal to argue that equitable tolling renders his motion timely because he contends that his counsel failed to file a notice of appeal despite his requests, and he argues that he exercised "due diligence and reasonable diligence" in filing his § 2255 motion after he discovered that he had a right to appeal. However, because the COA is limited to the question whether Doe's motion was time-barred, we do not address the merits of Doe's claims argued in his brief. Murray, 145 F.3d at 1250-51.

As for the timeliness of Doe's § 2255 motion, he does not assert on appeal that the district court erred in applying § 2255(f)(1), the date his conviction became final, as the triggering date for the applicable statute of limitations. The period in which Doe could file a direct appeal expired ten days after the district court imposed sentence on December 6, 2007. Fed.R.App.P. 4(b)(1) (2007). Because the tenth day, December 16, 2007, was a Sunday, the final day on which Doe could have filed a

4

direct appeal was Monday, December 17, 2007. Fed.R.Civ.P. 6(a)(1). After one year, his time to file a motion to vacate under 28 U.S.C. § 2255 expired on December 17, 2008. 28 U.S.C. § 2255(f)(1). He did not file his present § 2255 motion until, at the earliest, December 24, 2010, when he signed it and placed it in the prison mail system. See Fed.R.App.P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76 (1988) (explaining that a prisoner's filing is considered filed as of the date when he delivered it to prison authorities for forwarding to the court clerk). Thus, Doe's motion was time-barred unless he could demonstrate that he was entitled to equitable tolling.

Doe's brief sets forth two potential bases for equitable tolling: his counsel's failure to file a direct appeal and his own mental limitations. Although Doe contends that his counsel failed to file a notice of appeal upon request after sentencing, he has not explained below or on appeal when he learned of counsel's failure or why he waited so long to file his § 2255 motion. He merely says that, while in prison, he learned about his right to have counsel file a direct appeal, but he does not demonstrate how he exercised due diligence in pursuing his rights or why the district court clearly erred in concluding that he failed to exercise due diligence. Accordingly, he has not satisfied his burden of showing that equitable tolling applies on this basis.

Further, although he claims that he has a low IQ, he has raised this argument for the first time on appeal, and we do not consider it. Peek-A-Boo, 630 F.3d at 1358. But even if we were to consider the argument, Doe does not explain how this prevented him from exercising due diligence or otherwise allege a causal connection between his alleged mental impairment and his failure to file a timely § 2255 motion. Lawrence, 421 F.3d at 1226-27. Thus, Doe has not satisfied his burden to show that equitable tolling applies on this basis either.

For these reasons, the district court did not clearly err in concluding that Doe failed to show that he exercised due diligence. Nor did it abuse its discretion in declining to hold an evidentiary hearing to determine whether he told his counsel to appeal his sentence. Accordingly, we affirm.

**AFFIRMED.**