[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14140
Non-Argument Calendar
_____

D.C. Docket No. 3:01-cr-00066-RV-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH FRANCIS COLLINS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 31, 2013)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth Collins, proceeding pro se and filing *in forma pauperis*, appeals the denial of his petition for writ of mandamus to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion in return for substantial assistance he provided in the investigation and prosecution of several individuals. Collins argues that the district court erred in determining it did not have jurisdiction to consider his motion, the government waived its discretion in filing the Rule 35(b) motion when a DEA agent made an oral promise to file the motion for him, and the government is bound by the oral contract created by that DEA agent.

Under Federal Rule of Criminal Procedure 35(b), the district court may reduce a defendant's sentence if "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person" and the government files a motion requesting such relief. Fed. R. Crim. P. 35(b). The government has the power, but not the duty, to file a substantial assistance motion. *See Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992) (discussing prosecutorial discretion and substantial assistance motions under 18 U.S.C. § 3553(e)) and U.S.S.G. § 5K1.1; *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (per curiam) (applying *Wade* to a Rule 35(b) motion). The government enjoys "virtually unfettered discretion" in deciding whether to file a Rule 35 motion. *Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011).

2

The Supreme Court's decision in *Wade*—not principles of contract law—controls review of governmental discretion in filing sentence reduction motions. *United States v. Forney*, 9 F.3d 1492, 1503 n.3 (11th Cir. 1993).

The district court may only review the government's refusal to file if the defendant first makes "an allegation *and* a substantial showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (emphasis in original) (internal quotation marks omitted) (citing *Forney*, 9 F.3d at 1502). "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *Id.*

Under the All Writs Act, federal courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C § 1651. A district court has original jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a drastic remedy, to be invoked only in extraordinary situations. *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003).

We review a district court's denial of a motion for a writ of mandamus for abuse of discretion. *In re Stewart*, 641 F.3d 1271, 1275 (11th Cir. 2011) (per

3

curiam).  A writ of mandamus "is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available."  *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam) (internal quotation marks and alteration omitted).  Said differently, a plaintiff must show that "he has exhausted all other avenues of relief" and "the defendant owes him a clear nondiscretionary duty."  *Id.* (internal quotation marks omitted).  The party seeking the writ of mandamus must establish that his or her right to the writ's issuance is "clear and indisputable."  *Will v. United States*, 389 U.S. 90, 96, 88 S. Ct. 269, 274 (1967) (internal quotation marks omitted).

Collins has failed to make the required threshold showing that the government acted with an unconstitutional motive when it refused to file a Rule 35(b) motion on his behalf.  Accordingly, the district court did not abuse its discretion in denying Collins's petition.

**AFFIRMED.**

4