[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12052
Non-Argument Calendar
_____

D.C. Docket Nos. 1:06-cr-00300-MHC-AJB-1; 1:16-cv-02273-MHC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

PHILIP BERNARD NORTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 27, 2018)

Before WILLIAM PRYOR, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals the district court's grant of Philip North's motion to vacate under 28 U.S.C. § 2255 and his subsequent amended sentence. The Government contends the district court erred in finding that (1) North's § 2255 motion, filed pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), was timely under 28 U.S.C. § 2255(f)(3), and (2) North carried his burden of showing his sentence was enhanced under the residual clause of the Armed Career Criminal Act (ACCA).[1] After review, we reverse and remand.

On June 26, 2015, the United States Supreme Court held the ACCA's residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Later, the Supreme Court held *Johnson* was retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), decided after the district court's grant of North's motion to vacate, a federal prisoner argued *Johnson* invalidated his ACCA-enhanced sentence because one of his predicate convictions would have qualified as a violent felony under the residual clause of the ACCA, but not under the enumerated crimes or elements clauses. *Id*. at 1218. He conceded the record was silent as to what clause the sentencing court relied on when applying his sentence enhancement, but he argued the court must have relied

---

[1] The Government also asserts the district court erred in concluding that North's convictions for robbery under Georgia law were not violent felonies under the elements clause of the ACCA. We do not reach this argument, however, as we hold that North did not carry his burden of showing that his sentence was enhanced under the residual clause, as discussed *infra*.

2

on the residual clause, as he did not qualify for the enhancement under the other two clauses. *Id*. at 1224. He also argued his predicate conviction historically qualified for the sentence enhancement under the residual clause. *Id*. at 1220. The district court rejected these contentions, however, and denied the § 2255 motion as time-barred because it was brought more than a year after the prisoner's conviction became final and raised a *Descamps*[2] claim, not a "true *Johnson* claim." *Id*. at 1219.

On appeal, we clarified that a claim based on *Descamps* would not trigger the one-year limitations provision of 28 U.S.C. § 2255(f)(3), but a claim based on *Johnson* would. *Id*. at 1220. To distinguish between the two, we explained "[a] *Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a *Descamps* claim asserts that the defendant was incorrectly sentenced . . . under [the other] clause[s]." *Id*. We determined Beeman had raised a timely *Johnson* claim because he argued his offense "historically qualified as an ACCA predicate under the ACCA's residual

---

[2] In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court outlined the analysis for determining whether a past conviction qualified as a violent felony under the elements clause, requiring courts to apply either a categorical or modified categorical approach depending on whether a statute was indivisible or divisible. *Descamps*, 133 S. Ct. at 2283–85. We have concluded *Descamps* is retroactively applicable to cases on collateral review. *Mays v. United States*, 817 F.3d 728, 733–34 (11th Cir. 2016). However, for the purposes of the statute of limitations for § 2255 motions, we have concluded *Descamps* did not itself announce a new rule of constitutional law, but rather clarified the application of the ACCA in light of existing precedent. *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016).

clause," and because he filed his motion just before the one-year anniversary of the *Johnson* decision. *Id*. at 1220–21 (internal quotations and alteration omitted).

We then proceeded to consider the merits of the *Johnson* claim. *Id*. at 1221. In this respect, we affirmed, holding Beeman did not carry his burden of proving his sentence enhancement was based on the residual clause. *Id*. at 1225. We explained, "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id*. at 1221–22. Further, "if it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id*. at 1222. In his motion, Beeman "stated in conclusory terms that the district court must have relied on the residual clause," but nothing in the record supported that argument. *Id*. at 1224. Moreover, Beeman did not point to any precedent showing his predicate offense qualified as a violent felony only under the residual clause. *Id*. Such "general observations" were not enough to carry his burden of showing he was sentenced as an armed career criminal "solely because of the residual clause." *Id*. Thus, because Beeman failed to prove that, more likely than not, he was sentenced under the residual clause, we concluded that he failed to support a *Johnson* claim. *Id*. at 1225.

In describing what sort of evidence in the record might demonstrate whether a defendant was sentenced under the residual clause, we concluded "[e]ach case must be judged on its own facts." *Id.* at 1224 n.4. Direct evidence in the record could include statements by the sentencing judge that the residual clause was relied on and was the basis for finding the defendant to be an armed career criminal. *Id.* Circumstantial evidence could include unobjected-to statements in the PSI stating that the enumerated crimes and elements clauses did not apply to the predicate offense, or statements by the prosecutor in the sentencing record that those clauses did not apply. *Id.*

North was sentenced on August 20, 2007, and his conviction became final on September 4, 2007, after the 14-day window in which he was entitled to file a direct appeal expired. Fed. R. App. P. 4(b)(1)(A); *see also Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (explaining when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). North filed his § 2255 motion on June 27, 2016—well past the one-year deadline for challenging final convictions, but within the deadline for challenging a sentence under *Johnson*. 28 U.S.C. § 2255(f)(1), (3). He also expressly challenged his sentence as improperly enhanced under the ACCA's residual clause. Thus, although the district court did not have the benefit of *Beeman* when it ruled, the court correctly concluded that

North's motion was timely under *Johnson*.  *See Beeman*, 871 F.3d at 1220–21; 28 U.S.C. § 2255(f)(3).

However, North's motion fails on the merits because he did not meet his burden of showing that, more likely than not, his sentence was enhanced under the residual clause.  *See Beeman*, 871 F.3d at 1221–22.  Like *Beeman*, the record in North's criminal case was silent regarding the clause on which his sentence enhancement was based.  *Id*. at 1224.  And although North argued the sentencing court must have relied on the residual clause because his Georgia robbery convictions did not qualify as violent felonies under the enumerated offense or elements clauses, he did not point to anything in the district court record to support this contention.  Moreover, North failed to point to any precedent showing his robbery offense qualified as a violent felony only under the residual clause.  As we found in *Beeman*, such "general observations" were not sufficient to carry North's burden of showing that his sentence was enhanced "solely because of the residual clause."  *Beeman*, 871 F.3d at 1224.  Accordingly, as North failed to support his *Johnson* claim, we reverse and remand for reconsideration in accordance with *Beeman*.

**REVERSED AND REMANDED.**

6