[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12731
Non-Argument Calendar
_____

D.C. Docket Nos. 0:19-cv-61587-WPD; 0:98-cr-06128-WJZ-1

ROBERT MARVIN HARRIS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner/Appellant Robert Marvin Harris appeals the district court's order

dismissing his *pro se* motion to modify or vacate his life sentence for his conviction pursuant to 21 U.S.C. § 841. Harris contends that the district court had jurisdiction over his motion and that he is entitled to relief because of the First Step amendments that made retroactive the amendments of the Fair Sentencing Act to § 841 cases that were final before August 2010. The government responds with a motion for summary affirmance and a motion to stay the briefing schedule. After reviewing the record, we grant the government's motion for summary affirmance and deny its motion to stay the briefing schedule as moot.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

"In an appeal challenging a [28 U.S.C.] § 2255 ruling, we review legal issues *de novo* and factual findings for clear error." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). We will also review *de novo* issues concerning the district court's subject matter jurisdiction. *United States v. Al-Arian*, 514 F.3d

---

[1] *See Bonner v. City of Prichard, Ala,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

1184, 1189 (11th Cir. 2008). We deem arguments not raised in a party's initial appellate brief to be abandoned. *See United States v. Levy*, 379 F.3d 1241, 1243 (11th Cir. 2004).

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy*, 634 F.3d at 1306. Thus, to collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944–45 (11th Cir. 2005). A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

In this case, the district court correctly determined that it lacked jurisdiction over Harris's § 2255 motion and dismissed the motion because it was a successive motion that he filed without seeking and obtaining the proper authorization. *See id.* Harris's motion, although not labeled solely as one brought pursuant to § 2255, sought relief from his sentence because Harris asserted that his sentence was improperly enhanced by a prior Florida state court conviction and a prior federal

3

conviction.  Harris also claimed that his total sentence violated the Double Jeopardy Clause.  Hence, Harris was clearly attempting to challenge the validity of his sentence, and such a challenge is properly brought under § 2255(a).  *See Darby*, 405 F.3d at 944.  However, because Harris had previously filed a § 2255 motion that the court denied on the merits, the district court correctly determined that it lacked jurisdiction over the present motion because Harris filed it without obtaining the proper permission.  28 U.S.C. § 2255(h); *Farris*, 333 F.3d at 1216.

Thus, we conclude from the record that there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law.  *See Davis*, 406 F.2d at 1162.  Therefore, we do not need to address whether Harris would otherwise be entitled to the relief that he requests.  Accordingly, the government's motion for summary affirmance is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.[2]

AFFIRMED and motion DENIED.

---

[2] We also deny as moot Harris's motion to expedite this appeal.

4