[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10169
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00368-RAL-TBM-7

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN VELEZ-SANTOS,
a.k.a. Omar,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 13, 2020)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and BRANCH, Circuit
Judges.

PER CURIAM:

Melvin Velez-Santos, a federal prisoner, appeals the district court's denial of his November 2018 motion to correct his total sentence and contends that he is entitled to a correction of his total sentence because the district court miscalculated his guideline range when it sentenced him in 2008.  The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  "In an appeal challenging a § 2255 ruling, we review legal issues *de novo* and factual findings for clear error."  *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011).

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack."  *Murphy*, 634 F.3d at 1306.  To collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255.  *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).  A federal prisoner who wishes to file a second or successive motion to

vacate, set aside, or correct a sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion." *See* 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244.  Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Here, Velez-Santos' November 2018 motion to correct his total sentence, although not labeled as such, is properly construed as a § 2255 motion.  However, Velez-Santos had previously brought a § 2255 motion, which was denied on the merits and the denial was affirmed by us.  *See Velez-Santos v. United States*, 469 F. App'x 809 (11th Cir. 2012) (unpublished).  Therefore, Velez-Santos' present § 2255 motion is a successive one and because he failed to request permission from us before filing it in the district court, the district court lacked jurisdiction over it.  28 U.S.C. § 2255(h); *Farris*, 333 F.3d at 1216.  Although the district court denied Velez-Santos' motion in a paperless order without explanation instead of dismissing it, this is a distinction without a difference in this case that does not prevent us from construing it as a dismissal and, with that understanding, summarily affirming the district court.

There is no substantial question as to the outcome of the case, and the government's position — that the district court lacked jurisdiction over Velez-Santos' § 2255 motion — is correct as a matter of law.  *See Davis*, 406 F.2d at

1162.  The government's motion for summary affirmance is GRANTED, and its

motion to stay the briefing schedule is DENIED as moot.