[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13014
Non-Argument Calendar

_____

D.C. Docket No. 0:98-cr-06128-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MARVIN HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Robert Marvin Harris, a federal prisoner proceeding *pro se*,

appeals the district court's order denying his motion for a reduction of his total

sentence, filed pursuant to 18 U.S.C. § 3582 and the First Step Act.  He contends that he was eligible for a reduction of his total sentence under the First Step Act because evidence produced at trial showed that his offenses involved crack cocaine, not powder cocaine, and that the district court's instructions to the jury amounted to a constructive amendment of his indictment.

## I.

We review *de novo* questions of statutory interpretation.  *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).  We also review *de novo* the scope of a district court's authority to reduce a defendant's sentence.  *United States v. Melvin*, 556 F. 3d 1190, 1191 (11th Cir. 2009).  It is well-established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  A district court may "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  In that case, the district court may reduce the term of imprisonment if such reduction is consistent with the applicable Sentencing Commission policy statements.  *Id.*  Under 18 U.S.C. § 3582(c)(2), a district court may reduce a prisoner's term of imprisonment where a prisoner was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

## II.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372; *see also Dorsey v. United States*, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, *i.e.*, the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was unjustified, disproportional, and reflected race-based differences).  The Act increased the § 841(b) drug amounts triggering the statutory penalties under § 841(b)(1)(B) from 5 to 28 grams or more of crack cocaine and the statutory penalties under § 841(b)(1)(A) from 50 to 280 grams or more of crack cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, § 2(a); 21 U.S.C. § 841(b)(1)(A)-(B).  The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment for a defendant with a prior felony drug conviction of not more than 30 years for cases involving crack cocaine that do not fall within § 841(b)(1)(A) or (B).  Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, § 2(a); 21 U.S.C. § 841(b)(1)(C).

## III.

3

Congress enacted the First Step Act in 2018, which makes retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, § 404.  Under § 404(a), "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by . . . the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id*., § 404(a).  Under § 404(b), a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*., § 404(b).  The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*., § 404(c).

## IV.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. CONST. AMEND. V.  Under Supreme Court case law interpreting the Fifth Amendment, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him."  *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 273 (1960).  "Simply put, a defendant can be convicted only of a crime charged in the indictment."  *United States v. Madden*, 733 F.3d 1314, 1318 (11th Cir. 2013).  A district court cannot constructively

4

amend an indictment, which "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *Id*. (quotation marks omitted).

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). Section 2255 is the proper avenue of relief for a defendant to collaterally attack his sentence as violating the United States Constitution. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Here, we conclude from the record that the district court did not err in determining that Harris was not entitled to a modification of his total sentence pursuant to the First Step Act. This is because his indictment charged him with, and the jury found him guilty of, powder cocaine offenses, not crack cocaine offenses. Thus, his convictions are not covered offenses under the First Step Act. Moreover, Harris's arguments pertaining to a constructive amendment of his indictment and the claim that the jury actually found him guilty of crack cocaine offenses are inappropriate in the context of an appeal of the denial of a motion to reduce his total sentence, but rather should be raised in a § 2255 motion to vacate. Accordingly, we affirm the district court's order denying Harris's request for a total sentence reduction based on the First Step Act.

**AFFIRMED**.[1]

---

[1] We deny as moot Harris's motion to expedite the appeal.