[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-15013
Non-Argument Calendar

————————————————

D.C. Docket Nos. 0:19-cv-61517-UU; 0:98-cr-06128-WJZ-1

ROBERT MARVIN HARRIS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(April 3, 2020)

Before WILLIAM PRYOR, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Robert Marvin Harris, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his *pro se* motion to vacate, brought pursuant to 28 U.S.C. § 2255, and to reduce his total sentence, pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, Pub. L. No. 115-391, § 404(a).[1] Harris argues that his § 2255 motion was not a second or successive motion and that the district court abused its discretion in denying his request to amend his § 2255 motion.  The government responded by filing a motion for summary affirmance and arguing that (1) this court lacks jurisdiction over Harris's first argument because he did not identify the order of dismissal in his notice of appeal, and (2) the district court did not abuse its discretion in denying Harris's motion to amend his § 2255 motion because this motion was successive.  After reviewing the record, we agree with the government and grant its motion for summary affirmance.[2]

---

[1] Harris first raised his argument pertaining to his request for a sentence modification in his second response to the government's motion for summary affirmance.  As such, he has abandoned any argument to the contrary on appeal, and we do not need to address the merits of whether he is entitled to a sentence modification.  *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).  We do note that Harris filed a motion to reduce his sentence in his underlying criminal case based on the same arguments he raises in his second response on appeal.  In that case, the district court denied Harris's motion for a sentence reduction, Harris appealed, and we affirmed.  *See Harris v. United States*, ___ F. App'x ___, No. 19-13014 (11th Cir. March 10, 2020).

[2]  The government also filed a motion to stay the briefing schedule, and we deny that motion as moot.

2

## I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or in cases where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

"We have an obligation to review *sua sponte* whether we have jurisdiction," and we review such questions *de novo*." *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005). "In an appeal challenging a § 2255 ruling, we review legal issues *de novo* and factual findings for clear error." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). We will also review *de novo* issues about the district court's subject matter jurisdiction. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). We review for abuse of discretion the district court's denial of a request to amend a complaint. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262 (11th Cir. 2004).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Under Federal Rule of Appellate Procedure 3, the notice of appeal must designate the judgment, order, or part being appealed.  Fed. R. App. P. 3(c)(1)(B).  Although the time for appeal under Rule 4 is jurisdictional and strictly applied, the Supreme Court has held that the requirements for Rule 3, even though jurisdictional in nature, should be construed liberally.  *See Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 681 (1992).  Thus, we may allow appeals from orders not expressly designated in the notice of appeal, at least where those orders were entered prior to or contemporaneously with the ones properly designated.  *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986).  However, "Rule 3(c) requires that a notice of appeal designate an existing judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."  *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1988).  Furthermore, "when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."  *Smith*, 502 U.S. at 248, 112 S. Ct. at 681–82 (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17, 108 S. Ct. 2405, 2408–09 (1988)).

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy*, 634 F.3d at 1306. Thus, to collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244. Without such authorization, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Federal Rule of Civil Procedure 15 allows a party to amend his pleadings once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a). Usually, leave to amend under Rule 15 should be freely given "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall*, 367 F.3d at 1262 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id.* at 1262–63.

5

## II.

First, contrary to the government's assertions, we have jurisdiction to entertain the merits of all the issues Harris raises on appeal. His notice of appeal was sufficient to confer us with jurisdiction to determine whether the district court erred in dismissing his § 2255 motion as successive because we construe liberally Rule 3, the order noticed in Harris's notice of appeal came after the district court's order dismissing his § 2255 motion, and it is clear that Harris intended to appeal the district court's dismissal of his § 2255 motion as evidenced by his brief on appeal. *See Smith*, 502 U.S. at 248, 112 S. Ct. at 681–82; *McDougald*, 786 F.2d at 1474; *Bogle*, 162 F.3d at 661. Accordingly, we conclude that we have jurisdiction.

Substantively, the district court correctly determined that it lacked jurisdiction over Harris's § 2255 motion and dismissed it. Harris had previously filed a § 2255 motion, and the district court denied it on the merits. Harris then filed the present motion, and the district court correctly determined that it lacked jurisdiction over it because Harris filed the motion without obtaining our permission. *See* 28 U.S.C. § 2255(h); *Farris*, 333 F.3d at 1216. Similarly, the district court did not abuse its discretion in denying Harris's later motion to amend his § 2255 motion to add claims that he alleged "related back" because allowing Harris to amend his motion would not have changed the fact that the district court

6

lacked jurisdiction.  Hence, an amendment would have been futile.  *Hall*, 367 F.3d at 1262–63.

Therefore, because we conclude that the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**